# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **v.** | § § | **EP-19-CR-1318-PRM** |
| **OSCAR GARCIA-ESQUIVEL,** | § § § | |
| **Defendant.** | § | |

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

On this day, the Court considered Defendant Oscar Garcia-Esquivel's [hereinafter "Defendant"] "Motion to Dismiss Indictment" (ECF No. 32) [hereinafter "Motion"], filed on September 4, 2019, and the Government's "Response to Defendant's Motion to Dismiss Indictment" (ECF No. 38) [hereinafter "Response"], filed on September 27, 2019, in the above captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a citizen of Mexico with an extensive criminal history. He was convicted and subsequently sentenced for illegal

reentry pursuant to 8 U.S.C. § 1326 on August 2, 2002, December 16, 2005, April 19, 2010, November 19, 2013, and June 17, 2016.  Resp. 2–3.  On October 6, 2006, Defendant was convicted of forgery pursuant to Arizona law, and sentenced to thirty months imprisonment.  Resp. 3.  He served a sentence for narcotics possession pursuant to Arizona law concurrently with his forgery sentence.  *Id.*

After serving a sentence of 36 months for his most recent illegal reentry conviction, Defendant was released to an Immigration and Customs Enforcement [hereinafter "ICE"] Detention Center and placed in removal proceedings.  Mot. 1; Resp. 3.  On October 29, 2018, Asylum Officer Rachael Maer [hereinafter "AO"] conducted a reasonable fear interview with Defendant to determine whether he had a fear of persecution or torture in his home country of Mexico.  Mot. 1.

The AO summarized that Defendant "was afraid to return to Mexico because [he] ha[d] been threatened by both the Aztecas and La Linea that if [he] did not work for them they would make [him] disappear."  Mot. Ex. 2 at 4.  Defendant claimed that in 2015, members of these gangs killed his brother, and he "believe[s] this is because [he] did not join them."  *Id.*  Furthermore, Defendant testified that he has

been "threatened and beaten . . . by the police in 2004 and 2016." *Id.* Additionally, Defendant claims La Linea attempted to recruit him beginning in 2004. *Id.*

Based on the interview, the AO determined Defendant had a reasonable fear of persecution or torture. Mot. 1–2. The AO completed a Form I-863, "Notice of Referral to Immigration Judge," setting a hearing before an immigration judge [hereinafter "IJ"]. Mot. Ex. 3 at 1. The notice indicated Defendant could be represented by counsel, attached a list of free legal services, and included written notice of evidence to be provided to the IJ. *Id.* at 2. The notice also indicated that the IJ would review Defendant's matter "for a determination in accordance with 8 C.F.R. § 208.31(e)." *Id.* at 1.

Section 208.31(e) entitles an alien in removal proceedings with a reasonable fear of persecution or torture in their home country to a review of a "request for withholding of removal." 8 C.F.R. § 208.31(e). Pursuant to § 208.31(e), a Defendant may claim withholding of removal based on the Convention Against Torture [hereinafter "CAT"] or

§ 241(b)(3)[1] of the Immigration and Nationality Act.  *Id.* §§ 208.16(b),

(c).  In addition, an appeal of an IJ's decision "shall lie to the Board of

Immigration Appeals."  *Id.* § 208.31(e).

In contrast to § 208.31(e), § 208.31(f) provides for review of an

AO's determination that an alien has no reasonable fear of torture or

persecution in their home country.  The provision only requires that

"the asylum officer shall inform the alien in writing of the decision and

shall inquire whether the alien wishes to have an immigration judge

review the negative decision."  *Id.* § 208.16(f).  The regulation does not

provide for appeal to the Board of Immigration Appeals [hereinafter

"BIA"], or allow for claims pursuant to CAT.

Also on October 29, 2018, ICE's Asylum Office Director compiled a

"Memo of Adverse Information" regarding Defendant.  Resp. Ex. 3 at 3.

The memo indicated that the "applicant possibly could be barred from

withholding of removal" because he had been "Convicted of [a]

Particularly Serious Crime."  *Id.*  Specifically, the memo explained that

---

[1] Section 241(b)(3) of the Immigration and Nationality Act provides that
"the Attorney General may not remove an alien to a country if the
Attorney General decides that the alien's life or freedom would be
threatened in that country because of the alien's race, religion,
nationality, membership in a particular social group, or political
opinion."  8 U.S.C. § 1231(b)(3)(A).

"the applicant has been convicted of a number of felonies and has been identified as a gang member." *Id.*

On January 18, 2019, the IJ conducted a review of Defendant's reasonable fear interview. Mot. 2. Although the AO's I-863 form indicated Defendant had a reasonable fear of persecution or torture, the IJ stated, "[t]he Government determined that you do not have a credible fear of harm in your home country . . . and you have asked for that decision to be reviewed by the Court, is that correct?" Mot. Video Ex., Track 1 at 1:10. With the assistance of a translator, Defendant responded, "Yes, sir." *Id.* at 1:15. The IJ did not conduct proceedings related to CAT, a remedy available to Defendant pursuant to 8 C.F.R. § 208.31(e). Instead, the IJ reviewed Defendant's interview with the AO, and noted that based on a fear of gang violence Defendant could not obtain withholding of removal on account of "[y]our race, your religion, your nationality, your membership in a particular social group, or your political opinion." Mot. Video Ex., Track 4 at 1:41.

After the hearing, the IJ issued an "Order of the Immigration Judge," indicating that the "decision of the immigration officer is: . . . *[a]ffirmed*, and the case is returned to the DHS for removal of the

alien." Mot. Ex. 4. at 1 (emphasis added). The order reads "[t]his is a final order" and "[t]here is no appeal available." *Id.* On January 28, 2019, ICE issued a "Warrant of Removal/Deportation" for Defendant. Mot. Ex. 5 at 1. Therein, ICE indicated that the IJ's order was final, and ICE subsequently deported Defendant on February 4, 2019, at the Hidalgo, Texas port of entry. *Id.* at 1–2.

On or about April 2, 2019, a Border Patrol Agent found Defendant attempting to reenter the United States in Fort Hancock, Texas, and arrested him. Criminal Compl., Apr. 5, 2019, ECF No. 1. On May 1, 2019, a Grand Jury returned an indictment charging Defendant with Illegal Re-Entry after Deportation or Removal, in violation of 8 U.S.C. § 1326(a). Indictment, May 1, 2019, ECF No. 11 at 1. The indictment alleges that "an alien, who had previously been excluded, deported, and removed from the United States on or about February 4, 2019, attempted to enter, entered, and was found in the United States." *Id.*

On May 8, 2019, Defendant entered a "Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty" (ECF No. 15). Defendant subsequently filed his Motion to Dismiss pursuant to 8

U.S.C. § 1326(d), collaterally attacking the "Warrant of Removal/ Deportation" entered on January 28, 2019.  Mot. 1.

## II.    LEGAL STANDARD

A defendant in an illegal reentry case may collaterally attack an indictment's underlying removal order.  *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987).  In interpreting *Mendoza-Lopez*, the Fifth Circuit formulated a three-prong test to challenge the prior removal order.  *See, e.g., United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000).  Specifically, an alien must establish:  "(1) the prior hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice."  *Id.*

The Fifth Circuit's test "effectively was codified" in 8 U.S.C. § 1326(d).  *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002).  The statute states an alien must demonstrate the following in a collateral attack:  "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly

deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *Id.* An alien must show that all three prongs of the test are met; if she "fails to establish one prong," then "the Court need not consider the others." *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

After Congress codified the test for attacking an underlying removal order, the Fifth Circuit maintained the requirement that a defendant show actual prejudice as part of the fundamental fairness inquiry. *See United States v. Cordova-Soto*, 804 F.3d 714, 724 (5th Cir. 2015) ("[The defendant] has failed to show prejudice and thus cannot show her substantial rights were affected."); *United States v. Castelan-Jaimes*, 575 F. App'x 253, 255 (5th Cir. 2014) ("Even assuming arguendo that [the facts at hand] could support a claim of lack of fundamental fairness, [the defendant] cannot establish prejudice.")

## III. ANALYSIS

In order to collaterally attack his indictment's underlying removal order, Defendant must meet all three prongs of 8 U.S.C. § 1326(d), including the Fifth Circuit's actual prejudice requirement. First, the IJ's procedural error was not so fundamentally unfair that the Court

will excuse the actual prejudice requirement. Second, Defendant fails to meet his burden of demonstrating actual prejudice due to a substantial body of evidence weighing in favor of his removal. Accordingly, the Court is of the opinion that Defendant cannot establish that his prior removal order is invalid, and his Motion to Dismiss should be denied.

### A. Whether Actual Prejudice Is Required

Defendants collaterally attacking a prior removal order pursuant to § 1326(d) must ordinarily show actual prejudice as part of a fundamental fairness inquiry. However, the Fifth Circuit has recognized that some procedural due process errors may be "so fundamentally unfair" that a Defendant need not show actual prejudice. *United States v. Benitez-Villafuerte*, 186 F.3d 651, 659 (5th Cir. 1999). For the reasons stated below, the Court is of the opinion that the procedural error in the present case is not so fundamentally unfair that Defendant need not show actual prejudice.

*Mendoza-Lopez* recognized that some procedural errors in administrative review "may functionally deprive [an] alien of judicial review." 481 U.S. at 839 n.17. The opinion does not specify which

procedural errors deprive an alien of judicial review, but references examples such as coerced confessions, adjudication by a biased judge, mob violence, and the known use of perjured testimony. *Id.* (omitting citations). In *Benitez-Villafuerte* the Fifth Circuit expanded on *Mendoza-Lopez*, acknowledging that there might be a "procedural error that is so fundamentally unfair that [Defendant] need not show actual prejudice." *Benitez-Villafuerte*, 186 F.3d at 659.

However, the Fifth Circuit often rejects claims that a procedural error excuses a defendant from showing actual prejudice unless there is clear evidence of bias. In *Benitez-Villafuerte*, the Circuit Court rejected claims that the Immigration and Nationalization Service commingling prosecutorial and adjudicatory functions and having a pecuniary interest in removal constituted impermissible bias, requiring the Defendant to show actual prejudice. *Id.* at 660. Similarly, the Fifth Circuit has held that a showing of actual prejudice is unnecessary only where a defendant could prove "impermissible bias on the part of the officers who conducted [the] deportation proceeding." *United States v. Martinez-Gonzalez*, No. 98-11298, 1999 WL 1240827, at *2 (5th Cir. Dec. 1, 1999). *See also United States v. Saucedo*, No. 99-10047, 1999

WL 1240832, at *2 (5th Cir. Dec 1, 1999) (presenting same statement of law).

At least one district court within the Circuit has recently held that a defendant who collaterally attacks a prior removal order pursuant to § 1326(d) need not show actual prejudice when an IJ has no jurisdiction over the defendant. *See United States v. Castro-Gomez*, 365 F. Supp. 3d 801, 818 (W.D. Tex. 2019); *United States v. Lopez-Urgel*, 351 F. Supp. 3d 978, 991–992 (W.D. Tex. 2018) (finding lack of jurisdiction due to no notice to appear not listing time and place of hearing).[2]

However, the Fifth Circuit has yet to offer guidance on whether a flaw in jurisdiction qualifies as a procedural error so fundamental that a defendant need not show actual prejudice. Thus, some district courts proceed with caution and conduct an actual prejudice analysis when determining whether a procedural flaw, even one considered "fundamentally unfair," allows a collateral attack of a prior removal order. *See United States v. Niebla-Ayala*, 342 F. Supp. 3d 733, 749–50

_____

[2] The Court has held that IJs have jurisdiction in cases with similar factual circumstances. *United States v. Calderon-Avalos*, No. EP-18-CR-3156-PRM, 2019 WL 919210, at *18 (W.D. Tex. Feb. 25, 2019) ("[T]he Court is of the opinion the IJ had jurisdiction over Defendant's removal hearing, despite the failure of the notice to appear to specify a time and date for the removal hearing.")

(W.D. Tex. 2018) (analyzing actual prejudice after determining Defendant's wavier of appeal and proceeding's lack of jurisdiction were fundamentally unfair).  Noting the ambiguities in this area of the law, the Chief Judge of the District indicated "there is at least some question as to whether a proceeding may be so fundamentally unfair that a showing of 'actual prejudice' may not be required to satisfy § 1326(d)." *United States v. Zapata-Cortinas*, 351 F. Supp. 3d 1006, 1022 (W.D. Tex. 2018).

The IJ in the above-captioned cause conducted the wrong hearing pursuant to 8 C.F.R. § 208.31(f) rather than § 208.31(e).  As a result, Defendant did not have the ability to appeal the IJ's order to the BIA, nor make claims pursuant to CAT.  However, the Court is of the opinion that the IJ's procedural error is not so fundamentally unfair that the Defendant need not show actual prejudice.

First, the Court is mindful that Defendant received procedural protections during proceedings before the IJ.  Defendant received notice of his hearing, a list of evidence to be reviewed at the hearing, and information on legal representation.  Additionally, he had the opportunity to speak with the assistance of a translator, and did not

raise arguments pursuant to CAT. He also incorrectly acknowledged that the AO determined he had no reasonable fear of persecution or torture in his home country. The Court is of the opinion that these facts indicate the hearing satisfied minimal procedural due process requirements. *See Lopez-Ortiz*, 313 F.3d at 231 (providing an alien with notice, a hearing and fair opportunity to be heard constituted fundamental fairness). Accordingly, the IJ's error did not functionally deprive Defendant of judicial review, excusing Defendant from showing actual prejudice. *See Mendoza-Lopez*, 481 U.S. at 839 n.17 (noting errors which "functionally deprive [an] alien of judicial review.")

Second, pursuant to existing precedent, the Court concludes that the IJ's procedural error, resulting in Defendant's inability to appeal to the BIA or make a claim pursuant to CAT, is not so fundamental as to excuse Defendant from showing actual prejudice. The procedural error in the present case did not result in impermissible bias of the IJ. *See Benitez-Villafuerte*, 186 F.3d at 659 (rejecting Defendant's claims of bias in order to excuse actual prejudice). Furthermore, the consequences of the IJ's error here did not result in the same level of egregious harm as procedural errors likely excusing actual prejudice, such as mob violence,

coerced confessions, or perjured testimony. *See Mendoza-Lopez*, 481 U.S. at 839 n.17 (suggesting these procedural errors preclude effective judicial review).

Lastly, absent guidance from the Fifth Circuit, the Court will not break new ground to determine that a procedural error resulting in a defendant's inability to appeal to the BIA or make a claim pursuant to CAT constitutes an error so fundamental that Defendant is not required to show actual prejudice. While some district courts have made findings that conducting immigration proceedings without jurisdiction constitutes such a fundamental error, there is no lack of jurisdiction here. *See Castro-Gomez*, 365 F. Supp. 3d at 814 (finding flaws in notice to appear created lack of jurisdiction). Furthermore, given that there is uncertainty within the Circuit as to which errors excuse a showing of actual prejudice, and the Fifth Circuit has yet to identify any of these errors beyond impermissible bias, the Court will not make a finding excusing Defendant from showing actual prejudice here. *See Zapata-Cortinas*, 351 F. Supp. 3d at 1022 (noting "at least some question" as to which procedural violations do not require "a showing of actual

prejudice"); *Martinez-Gonzalez*, 1999 WL 1240827, at *2 (indicating "impermissible bias" could excuse actual prejudice).

The Court is of the opinion that proceedings before the IJ met due process requirements, existing law does not excuse actual prejudice, and the Court will not make a new finding that the error here excuses actual prejudice in light of unclear case law within the Circuit. Accordingly, Defendant must show actual prejudice in order to collaterally attack his underlying removal order.

## B. The Actual Prejudice Requirement

To establish actual prejudice, a defendant must show "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *Benitez-Villafuerte*, 186 F.3d at 659 (quoting *United States v. Encarnacion-Galvez*, 964 F.2d 402, 406 (5th Cir. 1992)). "In short, if the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *Benitez-Villafuerte*, 186 F.3d at 659 (omitting quotations and citations).

Defendant seeks deferral or withholding of his removal order pursuant to CAT. Mot. 3. In order to determine whether there was a

reasonable likelihood that but for the IJ's procedural error the Defendant would obtain deferral or withholding of removal, the Court will assess the applicability of CAT in his case. The Court is of the opinion that Defendant cannot show a reasonable likelihood that he would obtain relief due to a substantial body of evidence weighing in favor of his removal.

    1.   <u>Statutory Framework and Regulations</u>

Deferral or withholding of removal pursuant to CAT is available for those aliens who an asylum officer determines have a reasonable fear of persecution or torture. 8 C.F.R. § 208.31(e). Once the asylum officer makes a reasonable fear determination, an IJ will make a "full consideration of the request for withholding of removal." *Id.*

An IJ assessing claims pursuant to CAT requires "a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017). "The burden of proof is on the applicant for withholding of removal . . . to establish that it is more likely than not that he or she

would be tortured if removed to the proposed country of removal."  8

C.F.R. § 208.16(c)(2).

An alien qualifying for withholding of removal pursuant to CAT

will be granted that relief "unless the alien is subject to mandatory

denial of withholding of removal."  *Id.* § 208.16(c)(4).  Mandatory

denials of withholding of removal apply where "the alien, having been

convicted by a final judgment of a particularly serious crime is a danger

to the community of the United States," or "there are reasonable

grounds to believe that the alien is a danger to the security of the

United States."  8 U.S.C. § 1231(b)(3)(B).

Regarding the meaning of a "particularly serious crime," § 1231

advises that "an alien who has been convicted of an aggravated felony

(or felonies) for which the alien has been sentenced to an aggregate

term of imprisonment of at least 5 years shall be considered to have

committed a particularly serious crime."  *Id.* § 1231(b)(3)(B)(iv).

However, neither the statute nor the BIA provide clear guidance on

whether an aggravated felony with a sentence of less than 5 years is a

particularly serious crime.  *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA

2007).  Instead, IJs and the BIA determine the definition of a

"particularly serious crime" through a "case-specific analysis." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

If an alien entitled to protection pursuant to CAT is subject to "mandatory denial of withholding of removal," the applicant will not be immediately removed, but rather their removal "shall be deferred." 8 C.F.R. §§ 208.17(a), 208.17(b)(1). Deferral of removal allows delay of a removal order "until such time as the deferral is terminated." *Id.* § 208.17(b)(1). Pursuant to § 208.17, "[a]t any time while deferral of removal is in effect" the supervising agency, here ICE, may file a motion based on new evidence relevant to the alien's CAT claim to terminate deferral. *Id.* § 208.17(d)(1). An IJ has the discretion to terminate the deferral based on a de novo determination of the new evidence. *Id.* § 208.17(d)(3).

2.     Assessment of Actual Prejudice

Determining whether there is a reasonable likelihood that Defendant is entitled to withholding or deferral of removal would require the Court to speculate on how an IJ or the BIA would weigh evidence related to Defendant's claims. Given that there is competing evidence weighing both for and against withholding and deferral of

removal, the Court is of the opinion that Defendant has not met his burden of demonstrating a reasonable likelihood of relief, and fails to show actual prejudice.

First, it is unclear whether Defendant met his burden to show a reasonable likelihood he would be tortured in Mexico. The AO determined Defendant had a reasonable fear of torture, based on Defendant's claims of torture by police, death threats from gang members, and the murder of his brother. The Court is mindful that this evidence alone may create a plausible claim pursuant to CAT.

However, in determining a CAT claim, an IJ would weigh additional evidence related to Defendant's credibility. Defendant asserted on January 26, 2016, that he had no fear of persecution or torture in Mexico. Defendant made this statement after the alleged murder of his brother in 2015 and La Linea allegedly approaching him for recruitment as early as 2004, key components of his present claims pursuant to CAT. In addition, Defendant has at least six previous deportations and only makes his current claim after serving a 36-month sentence for illegal reentry. The Court is of the opinion that in light of such evidence, an IJ may not find Defendant's testimony credible,

barring relief pursuant to CAT. *See* 8 CFR § 208.16(c)(2) (finding that "testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.").

Second, the Court is of the opinion that there is a significant probability Defendant would be removed due to his criminal history, even if Defendant is entitled to relief pursuant to CAT. Defendant served thirty months for forgery and drug possession, and forgery qualifies as an aggravated felony.[3] Although the forgery sentence did not run five years qualifying the offense as an automatic bar to withholding of removal for a "particularly serious crime," the Court recognizes the possibility that an IJ or the BIA could conclude the offense is particularly serious based on an assessment of a fact-specific inquiry. *See Hakim*, 628 F.3d at 155. Defendant served time for the felony offense concurrently with a drug offense, and ICE's "Memo of

---

[3] *See* 8 U.S.C. § 1101(a)(43)(R) (defining an aggravated felony as "an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year;"). *See also Benitez-Villafuerte*, 186 F.3d at 659 (defining an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43) in assessing a § 1326(d) claim).

Adverse Information" concluded that Defendant "may be barred" from withholding of removal due to felony convictions.[4]

Although a bar to withholding of removal ordinarily entitles an alien to deferral of removal, the Court recognizes the possibility that ICE could easily terminate deferral. Should the Defendant obtain a deferral of removal, ICE could move to terminate the removal by introducing any new evidence relevant to Defendant's claims of torture in Mexico. *See* 8 C.F.R. § 208.17(d)(1). A determination of whether the Defendant would be removed would be at the discretion of an IJ. *Id.* § 208.17(d)(3). Therefore, these procedures ultimately weigh against the ability of Defendant to obtain relief.

Thus, the Court is of the opinion that Defendant has not met his burden of showing a reasonable likelihood that but for the ability to claim relief pursuant to CAT the Defendant would not have been removed. A showing of actual prejudice must be grounded in facts

---

[4] Resp. Ex. 3 at 3. The Court is mindful that defining a particularly serious crime is within the discretion of the Attorney General, and makes no such determination here. *See Razaq v. Gonzales*, 242 F. App'x 181, 182 (5th Cir. 2007) (declining to review definition of a particularly serious crime based on a lack of jurisdiction); *Unuakhaulu v. Gonzales*, 416 F.3d 931, 935 (9th Cir. 2005) (declining to review definition of particularly serious crime because such a decision is at the discretion of the Attorney General).

demonstrating Defendant is entitled to relief. *Benitez-Villafuerte*, 186 F.3d at 659 (5th Cir. 1999) (finding no actual prejudice where there was no basis for granting asylum); *Niebla-Ayala*, 342 F. Supp. 3d at 750 (W.D. Tex. 2018) (finding that Defendant's "factual assertions in the Motion to Dismiss demonstrate the fair probability that he would have qualified for asylum"). No strong factual basis indicating a possibility of relief exists in the present case.

Without a strong factual basis, determining there is a reasonable likelihood of Defendant obtaining withholding or deferral of removal requires speculating on an IJ's discretionary assessment of a large body of evidence weighing both for and against relief. Therefore, the Court is of the opinion that Defendant has failed to demonstrate a reasonable likelihood that but for the IJ's procedural error, he would obtain the relief requested. Accordingly, Defendant fails to show actual prejudice and cannot establish that his prior removal order is invalid.[5]

---

[5] Because Defendant fails to establish actual prejudice, the Court concludes that further discussion of the other two prongs is unnecessary. *See Mendoza-Mata*, 322 F.3d at 829.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Oscar Garcia-Esquivel's "Motion to Dismiss Indictment" (ECF No. 32) is **DENIED.**

**SIGNED** this **28th day** of **October, 2019**

_____

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**